## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| NEXT FINANCIAL GROUP, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § § | CASE NO.: 3:10-cv-02206-M |
| ARCH SPECIALTY INSURANCE COMPANY, | § § § § | |
| Defendant. | § § | |

## DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND BRIEF IN SUPPORT

**COMES NOW** Defendant ARCH SPECIALTY INSURANCE COMPANY ("Arch"), and, files this Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim Upon Which Relief can be Granted, and Brief in Support, respectfully stating the following

## MOTION TO DISMISS

Arch moves to dismiss this suit for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, because the case is not yet ripe for a determination of whether NEXT Financial Group Inc. ("NEXT") is entitled to indemnity under its errors and omissions insurance policy. Additionally, Arch moves to dismiss this case, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, because NEXT's Complaint fails to state a claim for relief that is plausible on its face, as it lacks sufficient facts to allow the court to draw reasonable inferences that it is entitled to the Declaratory remedy it seeks.

## BACKGROUND

Arch issued Policy No. SBD 0017726 03, a Texas Securities Broker/Dealer and Registered Representative Errors and Omissions Policy, to Plaintiff NEXT Financial Group Inc. ("NEXT"), for the policy period of September 1, 2009 to September 1, 2010 (the "Arch Policy" or the "Policy"). (Doc. 1 at 1, ¶ 2.)  NEXT has not attached a copy of the Arch Policy to its Complaint.  The Policy provides limits of liability applicable to NEXT for $2,000,000 each claim and $15,000,000 in the aggregate.

NEXT has been sued by or is in arbitration with a number of claimants (the "Claimants") in underlying actions (the "Underlying Actions"). (Doc. 1 at 3, ¶ 6.)   When Arch received notice of the Underlying Actions, Arch, in good faith, determined that at least some of the acts or omissions alleged (e.g., fraud) could potentially invalidate coverage for the Underlying Actions. However, Arch resolved to provide defenses to the Underlying Actions pursuant to a reservation of rights. A copy of Arch's reservation of rights letter ("Arch's Reservation of Rights") is attached hereto and incorporated herein by reference as Exhibit "A."

To illustrate the Underlying Actions, in its Complaint, NEXT mentions a case currently before this Honorable Court: *Billitteri v. Securities America, Inc., et al. (Provident Royalties Litigation)*, Case No. 3:09-cv-01568-F and Related Cases. (Doc. 1 at 3, ¶ 6.)   However, rather than attaching a copy of the *Billitteri* Complaint to its Complaint in the instant matter, NEXT simply provides this Honorable Court with a vague summary of what the Underlying Actions purportedly allege. (Doc. 1 at 3, ¶ 7.)   NEXT denies the allegations in the Underlying Actions and states that it "intends to vigorously defend against them." *Id.* (Doc. 1 at 3, ¶ 7.)

Arch has provided defenses to the Underlying Claims, but NEXT has insisted that Arch also pay funds for settlement of the Claims—the very claims for which NEXT, itself, denies any

liability—in spite of the fact that Arch, in good faith, believes these claims to be subject to one or more policy exclusions and limitations.

Furthermore, NEXT has insisted that Arch indemnify it to the full aggregate of the Policy, despite the fact that the acts or omissions in the Underlying Claims allegedly arose from a single wrongful act or a series of wrongful acts, which under the Policy are defined as Related Claims, and is, therefore, subject to a single claim limit of $2,000,000. NEXT has maintained that each separate Claim is covered to the $2,000,000 limit, up to a total of $15,000,000 in the aggregate.

On November 2, 2010, NEXT filed an action entitled "Original Complaint for Declaratory Judgment" in this Honorable Court. (Doc. 1 at 1-5.) NEXT alleges that there is an actual justiciable controversy between it and Arch, because Arch has "denied its defense obligations under the policy *beyond certain erroneous limits*, has denied there is indemnity under the policy for the underlying claims, has denied demands for settlement based on its erroneous positions concerning coverage under the policy, and because the significant coverage  disputes have rendered virtually impossible any resolution of the underlying claims." (Doc. 1 at 2-3, ¶ 4.)(emphasis added.)

NEXT alleges that the actual controversies at issue are the Policy's "insolvency" exclusion and available policy limits. (Doc. 1 at 4-5.) In addition to its vague summary of the Underlying Actions, NEXT provides this Honorable Court with snippets of paragraphs from over 20 pages of the Arch Policy and its endorsements and asks this Honorable Court to interpret the Policy in its favor regarding the Underlying Actions. (Doc. 1 at 4-5.) NEXT does not appear to ask that the Court determine Arch's duty to defend, but rather, appears to make arguments only about Arch's duty to indemnify under the policy.

Arch is meeting its duty to defend the Underlying Actions, and the issue of indemnity is not yet ripe. Furthermore, NEXT's Complaint fails to state a claim for which relief can be granted, and should be dismissed for that reason, alone. However, even if NEXT could remedy its Complaint, because the duty to indemnify is unripe, this Honorable Court lacks subject matter jurisdiction in this action, and therefore must dismiss NEXT's Complaint.

## BRIEF IN SUPPORT OF MOTION TO DISMISS

### I.    The Court Lacks Subject Matter Jurisdiction Under Fed.R.Civ.P. 12(b)(1)

A motion to dismiss under Fed.R.Civ.P. 12(b)(1) questions whether the court has the power to hear the case, or has subject matter jurisdiction. *See MDPhysicians & Assoc., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 180-81 (5th Cir.1992) *citing Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981). When considering a motion to dismiss for lack of subject matter jurisdiction, "a district court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *MDPhysicians*, 957 F.2d at 181 (internal citations omitted). In diversity cases, the federal court applies the substantive law of the forum state. *Aubris Resources LP v. St. Paul Fire and Marine Ins. Co.*, 566 F.3d 483, 486 (5th Cir.2009)(internal citations omitted). The court may rely on: "1) the complaint alone; 2) the complaint supplemented by undisputed facts evidenced in the record; or…3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *MDPhysicians*, 957 F.2d at 181 n. 2 (citing *Williamson*, 645 F.2d at 413).

The Declaratory Judgment Act (the "Act") grants federal courts the discretionary power to declare rights. 28 U.S.C. § 2201(a). The Act states that any federal court "*may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *Id.* (emphasis added). When determining whether to

adjudicate a declaratory judgment action, a district court must make a three-step inquiry: 1) whether the declaratory action is justiciable; 2) whether the court has the authority to grant declaratory relief; and 3) whether to exercise its discretion to decide or to dismiss the action. *Orix Credit Alliance, Inc. v. Wolfe,* 212 F.3d 891, 895 (5th Cir. 2000). "Under the three-step inquiry, the court need not reach the second or third steps unless the action is ripe for adjudication, and therefore justiciable." *Hillwood Development Company, L.L.C., v. Related Companies, Inc.,* 2006 WL 1140472, *4 (N.D.Tex.), citing *Shields v. Norton,* 289 F.3d 832, 837 (5th Cir. 2002), *cert. denied* 537 U.S. 1071 (2002). If the Court determines that the declaratory judgment action is not justiciable, then the action must be dismissed for lack of subject matter jurisdiction. *See Hillwood,* 2006 WL 1140472 at *4.

## 1. Arch is Meeting its Duty to Defend under the Policy

There is no justiciable controversy regarding whether Arch is meeting its duty to defend under the policy: it is. In Texas, the construction of an insurance contract is a question of law. *See National Cas. Ins. Co. v. Orion Transport, Inc.,* 2010 WL 697327, *3 (S.D.Tex.)(internal citations omitted). Typically, the insurer assumes two separate and distinct duties under the policy: the duty to defend and the duty to indemnify. *Orion Transport,* 2010 WL 697327 at *5 (S.D.Tex.), *citing Trinity Universal Ins. Co. v. Employers Mutual Casualty Co.,* 592 F.3d 687, 2010 WL 6903, *3 (5th Cir. Jan.4, 2010). The duty to indemnify protects insureds "from payment of damages they may be found legally obligated to pay," while the duty to defend "protects the same parties against the expense of any suit seeking damages" covered by the policy. *Orion Transport,* 2010 WL 697327at *5 (internal citations omitted).

The duty to defend is much broader than the duty to indemnify. *See Boss Management Services, Inc. v. Acceptance Ins. Co.,* 2007 WL 2752700, *8 (S.D.Tex.), *citing St. Paul Ins. Co.*

*v. Tex. Dep't of Transp.,* 999 S.W.2d 881, 884 (Tex.App.-Austin 1999, pet. denied). Any causes of action alleged in the underlying complaint which might be covered by insurance trigger the insurer's duty to defend. *Orion Transport,* 2010 WL 697327 at *5 (internal citations omitted).

An insurer may defend its insured subject to a reservation of rights if the insurer believes in good faith that the underlying lawsuit may not be covered by the insurance policy. *Certain Underwriters at Lloyd's London v. A & D Interests, Inc.,* 197 F.Supp.2d 741, 745, n.5 (S .D. Tex.2002)(internal citations omitted). In such a situation, the reservation of rights letter is not a breach of the duty to defend; rather, it is notice of the insurer's intent to reserve its rights. *Id.*

"Under Texas law the court must employ the 'eight corners' doctrine when determining an insurer's duty to defend, meaning that the court looks only to the allegations in the underlying pleadings and the language of the insurance policy without regard to the truth or falsity of the allegations." *Orion Transport,* 2010 WL 697327 at *5 (internal citations omitted).

In the instant case, Arch, recognizing that the *Billitteri* Complaint, as well as pleadings filed in other related actions, assert at least one cause of action that might trigger coverage, has elected to provide a defense under the Reservation of Rights. See Exhibit "A." There is no justiciable controversy regarding Arch's duty to defend: Arch *is* providing a defense. To the extent that NEXT is seeking declaratory relief regarding Arch's duty to defend, its Complaint should be dismissed.

### 2. Any Controversy Regarding Arch's Duty to Indemnify is Not Ripe for Adjudication

The Court cannot render a declaratory judgment if an issue is not ripe for adjudication. Unlike the "eight corners" used to determine the duty to defend, the duty to indemnify is "controlled by 'the facts actually established in the underlying suit.'" *Orion Transport,* 2010 WL 697327 at *10 (internal citations omitted); *Boss Management,* 2007 WL 2752700 at *8

(S.D.Tex.), *citing Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 821 (Tex.1997). An insurer might well have a duty to defend, but not an eventual duty to indemnify. *Orion Transport*, 2010 WL 697327 at *10; *Boss Management*, 2007 WL 2752700 at *8 (internal citations omitted).

In the absence of a duty to defend, there is no duty to indemnify. *Orion Transport*, 2010 WL 697327 at *10. In such a case, a declaratory judgment could be made, because the indemnity issue would be ripe. *Jim Johnson Homes, Inc. v. Mid-Continent Casualty Co.*, 244 F.Supp.2d 706, 714 (N.D. Tex. (2003). However, where the duty to defend exists, such a declaration cannot be made. "It is well-settled that a trial court 'is without authority to decide the insurer's duty to indemnify in the absence of a final judgment in the underlying tort action.'" *Mt. Hawley Ins. Co. v. Steve Roberts Custom Builders, Inc.* 215 F.Supp.2d 783, 793 (E.D. Tex. 2002), *citing Aetna Casualty and Surety Co. v. Metropolitan Baptist Church*, 967 F.Supp. 217, 224 (S.D.Tex.1996)(internal citations omitted).

In the instant matter, as discussed in Section 1 above, there is no current dispute about the duty to defend. Arch is providing a defense to the Underlying Actions under the Reservation of Rights. NEXT has not pled, nor is Arch aware of, any of the Underlying Actions having been resolved by way of final adjudication. It is possible that, especially with an insured that "denies the allegations and intends to vigorously defend against them," there will be no findings in the Underlying Actions that lead to Arch's duty to indemnify.

Because there is no dispute regarding the duty to defend, and the issue regarding the duty to indemnify is not ripe, the current matter is not justiciable. Texas precedent is clear that this Honorable Court is not authorized to grant the type of relief NEXT seeks—a declaration regarding Arch's duty to indemnify—while the Underlying Actions are unresolved. See, e.g.,

*Mt. Hawley,* 215 F.Supp.2d at 793; see also *Nationwide Property & Cas. Ins. Co. v. McFarland,* 887 S.W.2d 487, 491 (Tex.App.-Dallas 1994, writ denied). Therefore, this Honorable Court should exercise its discretion to dismiss this action for lack of subject matter jurisdiction.

## II. Plaintiff has Failed to State a Claim Under Fed.R.Civ.P. 12(b)(6)

Even if this Honorable Court did have subject matter jurisdiction over the instant action, Plaintiff has failed to plead facts that are sufficiently plausible to state a claim for declaratory judgment, and therefore, its Complaint should be dismissed. When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts all well-pleaded allegations in the complaint as true and views them in the light most favorable to the plaintiff. *Philadelphia Indem. Ins. Co. v. Stebbins Five Companies Ltd.,* 2002 WL 31875596, *5 (N.D.Tex.), *citing Malina v. Gonzales,* 994 F.2d 1121, 1125 (5th Cir.1993). However, the plaintiff must plead specific facts--not "conclusory allegations or unwarranted deductions of fact"--in order to avoid dismissal for failure to state a claim. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000)(internal citations omitted).

"To survive the motion to dismiss, a plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *Evanston Ins. Co. v. Tonmar, L.P.,* 669 F.Supp.2d 725, 731 (N.D.Tex. 2009), *quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Tonmar,* 669 F.Supp.2d at 731, quoting *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

"Plausibility does not equal probability in this context, but it asks for more than a sheer *possibility* that a defendant has acted unlawfully." *Tonmar,* 669 F.Supp.2d at 731, quoting

*Ashcroft,* 129 S.Ct. at 1949 (emphasis added). If the complaint's facts do not permit the court to infer more than the mere possibility of misconduct, then it is not sufficient under Rule 8(a)(2) of the Fed.R.Civ.P. to entitle the plaintiff to relief.   *Tonmar,* 669 F.Supp.2d at 731, citing *Ashcroft,* 129 S.Ct. at 1950.

Initially, the insured bears the burden of establishing that coverage exists; once it has done so, the burden shifts to the insurer to show any applicable policy exclusions that defeat coverage. *Orion Transport,* 2010 WL 697327 at*5 (internal citations omitted). If an exclusion is found to apply, the burden then shifts back to the insured to show an exception to the exclusion. *Jim Johnson Homes,* 244 F.Supp.2d at 713.

In the instant case, NEXT's Complaint fails to establish that there is an actual controversy for declaratory judgment--it has only put forth the very barest of conclusory allegations about amorphous "disputes" and "controversies." NEXT does not attach to its Complaint copies of the Underlying Actions or a copy of the Arch Policy--the very documents which make up the "eight corners" from which the Court would determine a duty to defend. The Complaint does not even set forth, verbatim, the allegations in the Underlying Actions that allegedly trigger coverage. Furthermore, the Complaint does not provide the entire allegedly relevant paragraphs from the Policy.

Aside from failing to provide this Honorable Court with the "eight corners," NEXT does not frame its "actual controversies" in a way that the Court can even begin to properly evaluate them. For example, it takes only a portion of the "insolvency" exclusion out of context from the rest of the policy and simply tells the Court that this exclusion does not apply to the Underlying Actions. (Doc. 1 at 4.)   From reading the Complaint, the Court does not know what the Underlying Actions allege, does not know why the "insolvency" exclusion is allegedly in

controversy, and cannot begin to determine that any coverage exists at all.

Furthermore, what NEXT does plead is inconsistent. For example, NEXT alleges an "actual controversy" regarding policy limits, and again takes only a snippet of the Policy to challenge, regarding related claims considered as a single claim. (Doc. 1 at 4-5.) Even though NEXT has not pled this "actual controversy" sufficiently for the Court to address it, it appears that NEXT's issue with this section is Arch's assertion that the Underlying Actions allegedly arose from a single wrongful act or a series of wrongful acts. NEXT's position has been that each and every Underlying Action should be treated separately, with each Underlying Action subject to a liability limit of $2,000,000, up to a maximum of $15,000,000 for all claims.

It is nothing short of ironic that NEXT attacks this particular Policy provision, after NEXT itself has linked the claims together by referring to the *Billitteri* case, which purports to be a class action of Claimants with a number of related transactions and/or occurrences. Furthermore, NEXT has no hesitation lumping the Underlying Actions together to exceed this Honorable Court's $75,000 jurisdictional minimum. (Doc. 1 at 4, ¶3.) NEXT, in effect, is asking the Court to consider the Underlying Claims together, but only in order to meet NEXT's purposes--jurisdictional minimums--then in the next breath is disavowing that the Underlying Claims are related.

In short, aside from disjointed, conclusory allegations or opinions, NEXT has included little in its Complaint to establish even the possibility that Arch has committed any wrongdoing toward it that requires a declaratory judgment. Since it has not established more than a mere possibility of Arch's liability, it fails to meet the pleading requirements as explained in *Twombly*, *Ashcroft*, and their progeny.

For these reasons, and in addition to the reasons set forth in Section I above, NEXT's

Complaint fails to plead a cause of action upon which relief can be granted. Therefore, the Complaint should be dismissed in its entirety.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Honorable Court dismiss this case for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1). In the alternative, Defendant respectfully requests that this Honorable Court dismiss this case for failure to state a cause upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6).

Respectfully submitted this 6th day of December, 2010.

HELMS & GREENE, LLC


FOSTER REESE, III
State Bar No. 16715300
1700 Pacific, Suite 1000
Dallas, Texas 75201
Telephone:    (469) 893-1870
Facsimile:    (469) 893-1876

**ATTORNEY FOR DEFENDANT ARCH
SPECIALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

The undersigned certifies that on _December 6_ , 2010, the foregoing Reply Brief in

Support of Plaintiffs' Motion for Leave to Amend Complaint was filed electronically with the

Clerk of Court using the CM/ECF system which will automatically send email notification of

such filing to the following attorneys of record:

Ronald J. Restrepo

_(signature)_

Foster Reese III